**Ernest GEVORGYAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70496.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 21, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Elsa I. Martinez, Martinez Goldsby & Associates, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jacqueline Dryden, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

## MEMORANDUM **

Ernest Gevorgyan, a native and citizen of Armenia, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (the "Convention").[1] This petition for review is governed by 8 U.S.C. § 1252. We dismiss the petition for review.

We lack jurisdiction to review the IJ's adverse credibility determination because Gevorgyan failed to raise the issue before the BIA and, thus, failed to exhaust his administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004). Further, Gevorgyan, through counsel, does not challenge the adverse credibility finding before this Court and, in the absence of argument, "we cannot manufacture arguments for an appellant and therefore we will not consider any claims that were not actually argued in appellant's opening brief." *Indep. Towers of Wash. v. Wash.,* 350 F.3d 925, 929 (9th Cir.2003) (quotations omitted).

We need not consider Gevorgyan's contentions regarding his eligibility for asylum and withholding of removal because we cannot review the IJ's adverse credibility determination, and that determination is dispositive of his claims for relief. *See Mejia–Paiz v. INS,* 111 F.3d 720, 723 (9th Cir.1997). Moreover, it would be futile for us to review Gevorgyan's contention that the IJ erred in finding that he did not timely file his asylum application as the IJ ultimately reached the merits of his asylum application. Moreover, we do not have jurisdiction to review any determination made pursuant to 8 U.S.C. § 1158(a)(2). *See Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Gevorgyan did not raise any challenge to this Court or the BIA regarding the IJ's denial of relief under the Convention.

PETITION FOR REVIEW DISMISSED.